

ALLIANCE DEFENDING
FREEDOM
FOR FAITH. FOR JUSTICE.

January 13, 2023

VIA E-FILING

Ms. Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:    *Hecox v. Little*
              Case Nos. 20-35813, 20-35815

Dear Ms. Dwyer:

      Pursuant to Federal Rule of Appellate Procedure 28(j), I write to inform this Court of supplemental authority. In *Adams v. School Board of St. Johns County*, the en banc Eleventh Circuit held that schools can, consistent with the Equal Protection Clause, assign student showers, restrooms, and locker rooms according to biological sex. 2022 WL 18003879, at *13 (11th Cir. Dec. 30, 2022). The Court recognized that, given the legitimate differences between the sexes, biological sex "is not a stereotype." *Id.* at *12. In fact, "the Supreme Court has repeatedly recognized the biological differences between the sexes by grounding its sex-discrimination jurisprudence on such differences." *Id.*

      The Court also held that the sex-based policy satisfied heightened scrutiny. Protecting students' privacy is an "important governmental objective," and assigning private facilities based on sex "has a close and substantial bearing on" that objective. *Id.* at *8 (cleaned up).

      *Adams*'s analysis applies equally to the issue here: sex-based "sports teams." *See id.* at *18; *id.* at *19–22 (Lagoa, J., specially concurring). *Adams* confirms that Idaho's Fairness in Women's Sports Act permissibly "classifies based on biological sex." *Id.* at *11. "[B]oth sides of the classification—biological males and biological females—include transgender students." *Id.* "Transgender status and gender identity are wholly absent from the" Act's "classification." *Id.* Since "trans women and girls remain fully male-bodied in the respects that matter for sport," *id.* at *21 (Lagoa, J., specially concurring), the Act, by classifying based on sex, accomplishes Idaho's

interest in "promoting equality of athletic opportunity between the sexes," *Clark v. Arizona Interscholastic Association*, 695 F.2d 1126, 1131 (9th Cir. 1982).

Moreover, the Act does not "single[ ] out transgender students," discriminate against them, or rely on "impermissible stereotypes." *Adams*, 2022 WL 18003879, at *12–13. At most, it has a "disparate impact" on "transgender students"—and that does not support an equal-protection claim. *Id.*

The district court's contrary conclusions here cannot stand. Upholding the preliminary injunction would contradict *Clark*, 695 F.2d at 1131, and would conflict with the en banc Eleventh Circuit's *Adams* decision. This Court should reverse.

Sincerely,

*s/ Cody S. Barnett*
Cody S. Barnett
*Counsel for Intervenors-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 344 words and complies with Federal Rule of Appellate Procedure 28(j).

*s/ Cody S. Barnett*
Cody S. Barnett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cbarnett@ADFlegal.org

*Counsel for Intervenors-Appellants*

## CERTIFICATE OF SERVICE

I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on January 13, 2023 using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Cody S. Barnett*
Cody S. Barnett

*Counsel for Intervenors-Appellants*