

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

January 27, 2023

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:** *Lindsay Hecox and Jane Doe with her next friends Jean Doe and John Doe v. Bradley Little, et al., and Madison Kenyon and Mary Marshall*, Nos. 20-35813, 20-35815

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellee Lindsay Hecox responds to Intervenors-Appellants' 28(j) letter regarding *Adams v. School Board of St. Johns County* (Dkt. No. 187). *Adams* does not support reversal of the District Court's preliminary injunction: it is inconsistent with this Court's precedent, and its reasoning is inapplicable here.

*First*, *Adams*, which analyzed the claim at issue as alleged sex discrimination, does not conflict with this Court's previous holding that discrimination based on transgender status independently triggers heightened scrutiny. *Karnoski v. Trump*, 926 F.3d 1180, 1201 (9th Cir. 2019). Under this "demanding" standard, the proper inquiry is whether Appellants have demonstrated an "exceedingly persuasive" justification for the State's categorical ban of all women and girls who are transgender from school sports. *See United States v. Virginia (VMI)*, 518 U.S. 515, 533 (1996). For the reasons stated in Ms. Hecox's briefing, Appellants have not. *See, e.g.*, Dkt. 65 at 26-37.

*Second*, the privacy interests alleged in *Adams* are distinct from the state interests asserted here. Under heightened scrutiny, the Court must evaluate the actual, "genuine" government interests that the state said justified H.B. 500 when the legislature passed it. *See VMI*, 518 U.S. at 533. *Adams'* evaluation of state interests that are not at issue here is therefore irrelevant to this Court's inquiry of whether H.B. 500 survives constitutional scrutiny.[1]

Finally, the District Court's opinion does not contradict *Clark* (which is not supplemental authority, notwithstanding Appellants' invocation of it in their letter). *Clark* involved a policy preventing cisgender boys from playing volleyball on girls' teams. (*See* 1-ER-62-66.) As the District Court's opinion correctly held, in contrast to the policy in *Clark*, H.B. 500's categorical exclusion of girls who are transgender "discriminates against a historically disadvantaged group" and "entirely eliminates their opportunity to participate in school sports" with no evidence that "allowing transgender women to compete on women's teams would substantially displace female athletes." (1-ER-64-66.)

The District Court's opinion correctly applies this Court's precedent and should be affirmed.

---

[1] Contrary to Intervenors-Appellants' implication, *Adams'* holding does not apply to sports: the language that Intervenors-Appellants cite in support of their argument is from a one-judge concurrence.



Molly C. Dwyer
January 27, 2023
Page Two

Sincerely,

*/s/ Kathleen R. Hartnett*

Kathleen R. Hartnett

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000  f: +1 415 693 2222  cooley.com