**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDSAY HECOX; JANE DOE, with her next friends Jean Doe and John Doe, | No.    20-35813 |
| | D.C. No. 1:20-cv-00184-DCN |
| Plaintiffs-Appellees, | |
| v. | MEMORANDUM* |
| BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; et al., | |
| Defendants-Appellants, | |
| and | |
| MADISON KENYON; MARY MARSHALL, | |
| Intervenors. | |

| | |
|---|---|
| LINDSAY HECOX; JANE DOE, with her next friends Jean Doe and John Doe, | No.    20-35815 |
| Plaintiffs-Appellees, | D.C. No. 1:20-cv-00184-DCN |
| v. | |
| BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; et al., | |

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| |
|---|
| Defendants, |
| and |
| MADISON KENYON; MARY MARSHALL, |
| Intervenors-Appellants. |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted November 22, 2022
San Francisco, California

Before: KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

Intervenors-Appellants (Intervenors) appeal from the district court's order

determining that Lindsay Hecox's (Hecox) constitutional challenge to Idaho's

Fairness in Women's Sports Act, Idaho Code §§ 33-6201–06 (the "Act"), is not

moot. "A district court's mootness determination is reviewed *de novo*, while the

underlying factual determinations are reviewed for clear error." *Nat. Res. Def.*

*Council v. Cnty. of Los Angeles*, 840 F.3d 1098, 1102 (9th Cir. 2016). We have

jurisdiction under 28 U.S.C. § 1292, and we affirm.

1.      Hecox's challenge to the constitutionality of the Act is not moot and

has not been mooted by events occurring during the course of this litigation. The

district court enjoined enforcement of the Act on August 17, 2020, holding that

Hecox was likely to succeed in her claim that the Act, which precludes transgender

women from participating in any women's sports sponsored by a public school, violates the Equal Protection Clause of the U.S. Constitution. During the pendency of this appeal, Hecox informed us that she had withdrawn from her sophomore year classes at Boise State University (BSU) in late October 2020. Because the parties' arguments raised several unanswered factual questions regarding mootness, we remanded to the district court for further factual development and findings on the question of mootness on June 24, 2021.

"Consistent with the dictates of the Supreme Court, we approach mootness cautiously and with care to ensure that the party claiming the benefit of mootness . . . has carried its burden of establishing that the claim is moot." *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002). Because "[i]t is no small matter to deprive a litigant of the rewards of its efforts," dismissing a case for mootness is "justified only if it [is] *absolutely clear* that the litigant no longer ha[s] any need of the judicial protection" it seeks. *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000) (per curiam) (emphasis added). The Supreme Court and the Ninth Circuit have held that an intent to resume a stated activity can be sufficient to demonstrate a live controversy. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *Clark v. City of Lakewood*, 259 F.3d 996, 1006, 1011–12 (9th Cir. 2001), *as amended* (Aug. 15, 2001); *S. Oregon Barter Fair v. Jackson Cnty.*, 372 F.3d 1128, 1133–34 (9th Cir. 2004).

Intervenors contend that the district court improperly relied on "subsequent facts" that developed after October 2020 to determine that Hecox's claims were not moot. However, as the district court found, Hecox's claim was not moot when she withdrew from BSU in October 2020, because she expressed a concrete plan to re-enroll after establishing Idaho state residency and try out for the track and cross-country teams, and the withdrawal did not act as a barrier to reenrollment. Even when Hecox withdrew, for example, she had a conversation with a BSU academic advisor and left school before the October 30, 2020 deadline, in order to preserve her ability to re-enroll in good standing. Moreover, evaluating mootness requires that courts consider events subsequent to the filing of a complaint to determine how "circumstances have changed." *Clark*, 259 F.3d at 1011; *see also S.F. BayKeeper, Inc. v. Tosco*, 309 F.3d 1153, 1160 (9th Cir. 2002). Not only did Hecox demonstrate a concrete plan to re-enroll and try out for women's sports, but she followed through on those plans by establishing state residency, re-enrolling at BSU with significant savings for tuition and other expenses, and training to participate in women's sports teams. Indeed, Hecox began playing on the BSU women's club soccer team in Fall 2022, from which the Act categorically bars her absent the extant preliminary injunction. *See* Idaho Code § 33-6203(1).

Alternatively, Intervenors argue that Hecox's claim is moot because she is unlikely to complete the course hours to meet National Collegiate Athletic

Association (NCAA) eligibility requirements to participate in the BSU track and cross-country teams. However, even if Hecox fails to complete the NCAA course hour requirements, she may obtain a waiver of eligibility from BSU and the NCAA if she tries out and makes the women's track and cross-country teams in Fall 2023. And, regardless of NCAA eligibility, the Act bars her from even trying out for the BSU women's cross-country and track teams, again, absent the injunction. In issuing the preliminary injunction, the district court reasoned that the Act categorically barred Hecox from *trying out* for any BSU women's sports team, even if her try-out was unsuccessful, and that was likely an equal protection violation. *Hecox v. Little*, 479 F. Supp. 3d 930, 959–66 (D. Idaho 2020). And the Supreme Court has held that an "injury in fact" for Article III purposes can arise from a barrier to participation, even if the participant does not ultimately benefit from that participation. *See Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993).

While Hecox did not try out for the women's cross-country and track teams in Fall 2022, due to illness and her father's passing last spring, she has declared that she has concrete plans to try out for the track and cross-country teams in Fall 2023.[1] Regardless, Hecox cannot continue participating in the women's club

---

[1] Hecox filed a motion to supplement the record on appeal with a declaration (Dkt. 164). "Save in unusual circumstances, we consider only the district court record on appeal." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). However,

soccer team on which she is currently a member absent the preliminary injunction, and her complaint broadly asserted her interest in playing on any sports team, not just cross-country and track. Therefore, her claims are not moot.[2]

2. Hecox has Article III standing to sue. "Article III demands that an actual controversy persist throughout all stages of litigation." *West Virginia v. EPA*, 142 S. Ct. 2587, 2606 (2022) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)). It has been established that "standing is measured at the time of the complaint." *Arizona v. Yellen*, 34 F.4th 841, 849 (9th Cir. 2022). At the time the complaint was filed, Hecox had not yet tried out for the BSU women's track and cross-country teams in Fall 2020, because the Act categorically barred her from doing so.

The district court's determination that this case continues to present a live controversy is affirmed.

---

"[c]onsideration of new facts may even be mandatory. . . when developments render a controversy moot and thus divest us of jurisdiction." *Id.* As the facts in Hecox's declaration bear directly on the question of mootness, we grant her motion to supplement the record on appeal.

[2] Intervenors additionally argue that the district court "inappropriately saddled Defendants with the burden of producing more evidence." However, the district court found that even if Hecox had the burden of production, she had met that burden. Moreover, the party asserting the benefits of mootness bears the burden of establishing mootness. *See Nw. Env't Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir. 1988). Intervenors fail to identify any authority differentiating the burden of production from the burden of persuasion in mootness, or how that difference would have any bearing on the ultimate mootness determination here.

**AFFIRMED.**