

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

April 6, 2023

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:** *Lindsay Hecox and Jane Doe with her next friends Jean Doe and John Doe v. Bradley Little, et al., and Madison Kenyon and Mary Marshall*, Nos. 20-35813, 20-35815, Response to Defendants-Appellants' 28(j) Letter (Dkt. 207-1, Mar. 31, 2023)

Dear Ms. Dwyer:

Defendants-Appellants' recent submission regarding the World Athletics Council's new regulations (Dkt. 207-1) is an improper use of Federal Rule of Appellate Procedure 28(j) and should be disregarded.

"Rule 28(j) permits a party to bring new *authorities* to the attention of the court; it is not designed to bring new evidence through the back door." *Manley v. Rowley*, 847 F.3d 705, 710 n.2 (9th Cir. 2017) (quoting *Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986)) (striking submission); *see* Fed. R. App. P. 28(j) (permitting submission of "pertinent and significant authorities"). The World Athletics Council's new regulations are not "legal authority" but "rather new evidence," and therefore are not "a proper subject of a Rule 28(j) letter." *Packsys, S.A. de C.V. v. Exportadora de Sal, S.A. de C.V.*, 899 F.3d 1081, 1090 n.5 (9th Cir. 2018).

Even if the World Athletics Council's new regulations were properly before the Court, they would not support reversal. The new regulations are out of step with the policies of other elite sporting organizations. (*See* 1-ER-72-73, 5-ER-707-08, 5-ER-777 (describing policies of the International Olympic Committee and the National Collegiate Athletics Association).) And, unlike H.B. 500's categorical ban in all circumstances, they permit transgender women who did not experience endogenous puberty to participate in women's sports. (*Compare* Idaho Code § 33-6203(1)-(2) *with* Dkt. 207-2 at 7.)

Sincerely,

/s/ Kathleen R. Hartnett

Kathleen R. Hartnett