

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

July 31, 2023

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *Lindsay Hecox and Jane Doe with her next friends Jean Doe and John Doe v. Bradley Little, et al., and Madison Kenyon and Mary Marshall*, Nos. 20-35813, 20-35815

Dear Clerk Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellee Lindsay Hecox respectfully submits the enclosed opinion from the U.S. District Court for the District of Arizona in *Doe v. Horne*, No. CV-23-00185-TUC-JGZ, dated July 20, 2023 (attached hereto as Ex. A), which preliminarily enjoins as to the plaintiffs the implementation of A.R.S. § 15-120.02 ("SB1165"), a statute that categorically bans all women and girls who are transgender from school sports teams.

Like H.B. 500, SB1165 categorically bars all transgender women and girls from participating in school sports based solely on sex assigned at birth. *Doe*, at *8. The *Doe* plaintiffs are transgender girls who contend that categorically barring their participation because they are transgender violates the Equal Protection Clause and Title IX as applied to them. *Id.* at **15-21. Like Defendants-Appellees, the *Doe* defendants argued that SB1165 is substantially related to protecting the safety and athletic opportunities of cisgender girls. *Id.* at *17. They also proffered expert testimony like that proffered by Defendants-Appellees here. *Id.* at **10-13.

In holding that plaintiffs are likely to succeed on their Equal Protection Clause and Title IX challenges, the *Doe* court relied heavily on the district court opinion in *Hecox*, citing it more than twenty times. The *Doe* court first concluded that SB1165 warrants heightened scrutiny, because it "facially discriminat[es]" based on transgender status. *Id.* at *16. The court next held that SB1165's categorical bar was not substantially related to the proffered interests, relying on *Hecox*'s analysis of *Clark by and Through Clark v. Arizona Interscholastic Ass'n*, 695 F.2d 1126 (9th Cir. 1982). *Id.* at **12, 18 (finding transgender girls have not and could not substantially displace cisgender girls and that "none of the *Clark* premises hold true for girls who are transgender.")

The *Doe* court also noted that SB1165 irreparably harms the plaintiffs by violating their constitutional rights, contradicting their medical treatment, and excluding them from the benefits of sports. *Id.* at *20.

*Doe* therefore provides further support for entering judgment in favor of Lindsay.

Sincerely,

/s/ Kathleen R. Hartnett
Kathleen R. Hartnett