No. 20-35813

# In the United States Court of Appeals for the Ninth Circuit

───────────

Lindsay Hecox and Jane Doe, with her next friends Jean Doe and John Doe,

*Plaintiff-Appellees*,

v.

Bradley Little, in his official capacity as Governor of the State of Idaho, et al.,

*Defendants-Appellants*,

and

Madison Kenyon and Mary Marshall,

*Intervenors-Appellants*.

───────────

On Appeal from the United States District Court
for the District of Idaho
Case No. 1:20-cv-00184-DCN

───────────

**BRIEF OF AMICUS CURIAE AMERICA FIRST LEGAL FOUNDATION IN SUPPORT OF REHEARING EN BANC**

───────────

Gene P. Hamilton
Vice-President and General Counsel
America First Legal Foundation
611 Pennsylvania Avenue SE #231
Washington, DC 20003
(202) 964-3721 (phone)
gene.hamilton@aflegal.org

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3940 (fax)
jonathan@mitchell.law

*Counsel for Amicus Curiae*

## TABLE OF CONTENTS

Table of contents ............................................................................................. i

Table of authorities ........................................................................................ ii

Interest of amicus curiae .............................................................................. iii

    I.    There is no injunction in effect that restrains the defendants from enforcing HB 500 ..................................................................... 2

    II.    The defendants have no standing to appeal the district court's order because it does not enjoin them or injure them .......................... 6

    III.    Hecox and Doe lack Article III standing to challenge the private cause of action in section 33-6205(1)–(2), as none of the named defendants have any role in enforcing it ............................................... 6

    IV.    The private rights of action in section 33-6205(1)–(2) remain in effect no matter how the district court's injunction is construed ........ 9

Conclusion .................................................................................................. 10

Certificate of compliance .............................................................................11

Certificate of service ................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) ................................. 9

*California v. Texas*, 141 S. Ct. 2104 (2021) ............................................................. 8

*Camreta v. Greene*, 563 U.S. 692 (2011) ................................................................. 9

*Ex parte Young*, 209 U.S. 123 (1908) ...................................................................... 4

*Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17 (2017) ................... 1

*Hope Clinic v. Ryan*, 249 F.3d 603 (7th Cir. 2001) .................................................. 8

*Nken v. Holder*, 556 U.S. 418 (2009) ....................................................................... 3

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (en banc) ................................. 3, 8

*United States v. Holtzman*, 762 F.2d 720 (9th Cir. 1985) ....................................... 6

*Virginia v. Hicks*, 539 U.S. 113 (2003) .................................................................... 8

*West Virginia v. EPA*, 142 S. Ct. 2587 (2022) ........................................................ 6

*Whole Woman's Health v. Jackson*, 141 S. Ct. 2494 (2021) ................................. 3, 4

*Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021) ................................ 3, 4, 8

*Wittman v. Personhuballah*, 578 U.S. 539 (2016) .................................................. 7

**Statutes**

Idaho Code § 33-6206 ............................................................................................... 8

**Rules**

Fed. R. Civ. P. 65(d)(1) ............................................................................................. 2

Fed. R. Civ. P. 65(d)(1)(C) ....................................................................................... 3

**Other Authorities**

Nicholas Quinn Rosenkranz, *The Subjects of the Constitution*,
  62 Stan. L. Rev. 1209 (2010) ................................................................................ 4

## INTEREST OF AMICUS CURIAE

Amicus curiae America First Legal Foundation is a nonprofit organization dedicated to promoting the rule of law in the United States and defending individual rights guaranteed under the Constitution and federal statutes. America First Legal has a substantial interest in this case because it firmly believes, as part of its mission to encourage understanding of the law and individual rights guaranteed under the Constitution of the United States, that a proper understanding of those rights must be informed by reference to their text, and any other rights not expressly mentioned must be deeply rooted in this nation's history and tradition. And further, America First Legal believes that a proper understanding of the law in the United States must include a coherent, consistent understanding of the role of federal courts in deciding cases or controversies presented to them.

All parties have consented to the filing of this brief. No counsel for a party authored any part of this brief. And no one other than the amicus curiae, its members, or its counsel financed the preparation or submission of this brief.

Even judges who agree with the panel's constitutional analysis should vote to rehear this case en banc because the district court's "injunction" does nothing to restrain the defendants from enforcing HB 500—and if the Court denies rehearing the statute will remain in full force and effect notwithstanding the district court's ruling and the panel's decision to affirm.

If the Court refuses to go en banc, then the dissenting judges should point out that: (1) A federal court cannot "enjoin" a "statute" or a statutory provision, and any order or opinion purporting to do so is without legal effect; (2) This Court lacks appellate jurisdiction to hear the appeal brought by the defendants and the intervenors, because none of them were enjoined by the district court and none of them have shown injury caused by the order that they have appealed; (3) Hecox and Doe lack Article III standing to challenge the private causes of action described in section 33-6205(1)–(2), as none of the named defendants have any role in enforcing them; and (4) The private rights of action in section 33-6205(1)–(2) remain in effect no matter how the district court's order and the panel's opinion are construed.

These issues go to the appellate jurisdiction of this Court and the subject-matter jurisdiction of the district court. They must be considered and addressed regardless of whether the defendants or intervenors raised them in previous briefing. *See Hamer v. Neighborhood Housing Services of Chicago*, 583 U.S. 17, 20 (2017) ("In contrast to the ordinary operation of our adversarial system, courts are obliged to notice jurisdictional issues and raise them on

1

their own initiative."). And the Court is obligated to grant en banc rehearing to address these overlooked jurisdictional issues.

## I. There Is No Injunction In Effect That Restrains The Defendants From Enforcing HB 500

The defendants and intervenors have appealed the district-court order that appears at Docket Entry No. 63, which we have attached as an exhibit to this brief. This document purports to be a preliminary injunction, but it is missing too many of the required components to deserve that title.

We can start with the most obvious problem: The district court's so-called injunction does not enjoin any of the named defendants—and it does not enjoin them from doing anything. At the end of its opinion, the district court issued an "order" saying that:

> The Motion for Preliminary Injunction (Dkt. 22) is GRANTED.

Order, ECF No. 63, at 87. This is a flagrant violation of Rule 65(d)(1), which requires "every order granting an injunction" to:

> (A) state the reasons why it issued;
>
> (B) *state its terms specifically*; and
>
> (C) *describe in reasonable detail*—and not by referring to the complaint or other document—*the act or acts restrained or required*.

Fed. R. Civ. P. 65(d)(1) (emphasis added). Issuing an order saying that "The Motion for Preliminary Injunction (Dkt. 22) is GRANTED" does not say *who* is enjoined or *what* they are enjoined from doing. *See* Fed. R. Civ. P.

2

65(d)(1)(C) (requiring injunctions to "describe in reasonable detail—and not by referring to the complaint or other document—*the act or acts restrained or required*." (emphasis added)). And an injunction is not permitted to incorporate by reference a motion or proposed order submitted by the plaintiffs. *Id.*

The 87-page opinion accompanying this "injunction" also fails to say *who* is enjoined or *what* they are enjoined from doing. Instead, the district court asserts in its opinion that it is enjoining the "Act" itself. *See* Order, ECF No. 63, at 84 ("Lindsay and Jane both also face the injuries detailed . . . if the Act is not enjoined."); *id.* ("The Court accordingly finds Plaintiffs will likely suffer irreparable harm if the Act is not enjoined.").

But there is no such thing as "enjoining" an "Act." *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021) (*Whole Woman's Health I*) ("[F]ederal courts enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves."); *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 535 (2021) (*Whole Woman's Health II*) ("[N]o court may 'lawfully enjoin the world at large,' or purport to enjoin challenged 'laws themselves'" (citations omitted)); *Okpalobi v. Foster*, 244 F.3d 405, 426 n.34 (5th Cir. 2001) (en banc) ("An injunction enjoins a defendant, not a statute."). Only a litigant can be enjoined, and an order granting an injunction must *say* that the litigant has been enjoined and *explain* what exactly he has been enjoined from doing.[1]

---

1. *See Nken v. Holder*, 556 U.S. 418, 428 (2009) ("[A]n injunction is a judicial process or mandate operating *in personam*." (citation and internal

Elsewhere in its opinion the Court claimed that it could enjoin "the state of Idaho" from enforcing HB 500. *See* Order, ECF No. 63, at 2 ("The primary question before the Court [is] whether the Court *should enjoin the State of Idaho* from enforcing a newly enacted law which precludes transgender female athletes from participating on women's sports" (emphasis added)). But the state of Idaho is not a party to this case, and it cannot be sued or enjoined under 42 U.S.C. § 1983 or the doctrine of sovereign immunity. *See Whole Woman's Health II*, 142 S. Ct. at 532. Only *individual officers* can be sued under section 1983 and *Ex parte Young*, 209 U.S. 123 (1908), and the district court's order needed to enjoin *them*—and to do so in a manner that comports with Rule 65(d).

This was a scandalously inadequate form of injunction. It does not enjoin any of the defendants, it does not identify "the acts restrained or required," and the opinion accompanying the injunction asserts a prerogative to enjoin the Act itself rather than the individuals tasked with enforcing the disputed statutory provisions. *See Whole Woman's Health I*, 141 S. Ct. at 2495; *Whole Woman's Health II*, 142 S. Ct. at 535. This is not an injunction at all; it is simply a statement announcing that the plaintiffs' *motion* for preliminary injunction was granted, along with an opinion explaining the district court's

---

quotation marks omitted)); Nicholas Quinn Rosenkranz, *The Subjects of the Constitution*, 62 Stan. L. Rev. 1209, 1221 (2010) ("Judicial review is not the review of statutes at large; judicial review is constitutional review of governmental action. Government actors violate the Constitution." (footnote omitted)).

reasons for that decision. It was never boiled down to an actual injunction, and it has no more legal force than an order granting a plaintiff's motion for summary judgment without entering a Rule 58 judgment awarding relief.

It is even more disturbing that the panel voted to affirm this "injunction" while explicitly endorsing the idea that courts can somehow enjoin statutes and statutory provisions. The panel opinion repeatedly says that the district court "enjoined the Act,"[2]—even though there is no such thing as "enjoining" an "Act"—and it was entirely untroubled by the idea that the district court purported to enjoin the statute itself rather than the individuals charged with enforcing it. Even Judge Christen, who correctly called out the district court for violating Rule 65(d) and voted to remand for entry of a proper injunction, repeatedly and falsely stated that courts enjoin statutory provisions rather than litigants. *See* Panel Op. at 81 (Christen, J., concurring in part and dissenting in part) ("The court did not specify whether it was enjoining all provisions of the Act or only some of them, or whether it was enjoining any specific provision of the Act in its entirety or only as applied to certain classes of individuals.").[3] The summary of the panel opinion commits the same fallacy, declaring that "[t]he panel affirmed the district court's or-

---

2. Panel Op. at 12; *see also id.* at 56 n.20 ("[T]he entirety of the Act is enjoined."); *id.* at 58 n.22 ("[T]he district court could not accord Lindsay full relief without enjoining the Act in its entirety").

3. *See also id.* at 82 (Christen, J., concurring in part and dissenting in part) ("[T]he court's broad language could be read as enjoining the entire Act in all respects, as the majority suggests."); *id.* ("Even if it were clear that the district court intended to enjoin the Act in its entirety . . .").

5

der *preliminarily enjoining Idaho's Fairness in Women's Sports Act*." Panel Op. at 4 (emphasis added).

The upshot is that the named defendants are not bound by anything in the "order" that the panel affirmed because the district court's order does not enjoin them, and judicial opinions that purport to "enjoin" statutes have no legal effect. *See United States v. Holtzman*, 762 F.2d 720, 726 (9th Cir. 1985) ("[B]ecause of the strong policy of clarity behind rule 65(d), all ambiguities or inconsistencies are resolved in favor of the person subject to the injunction."). The defendants are as free to enforce HB 500 as they were before the plaintiffs sued them. So even the members of this Court who agree with the panel's constitutional analysis should heed the approach of Judge Christen and support rehearing en banc so that the Court can ensure entry of a legally enforceable injunction.

## II. THE DEFENDANTS HAVE NO STANDING TO APPEAL THE DISTRICT COURT'S ORDER BECAUSE IT DOES NOT ENJOIN OR INJURE THEM

There is a more compelling reason to grant rehearing en banc: The order being appealed does not inflict Article III injury on the defendants because none of them are enjoined by an order that merely states that "The Motion for Preliminary Injunction (Dkt. 22) is GRANTED." *See West Virginia v. EPA*, 142 S. Ct. 2587, 2606 (2022) ("The requirement of standing 'must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.'" (citation omitted)). It remains possible

6

that the *intervenors* might have standing to appeal if they show that the district court's order will cause educational institutions to disregard HB 500 out of a mistaken belief that the statute itself has been enjoined. *See Wittman v. Personhuballah*, 578 U.S. 539, 545 (2016) (intervenors have to appeal if they can identify "record evidence establishing their alleged harm."). But that showing has not (yet) been made because the panel simply assumed the existence of appellate jurisdiction. The panel cannot manufacture standing to appeal by pretending that district courts actually have the power to "enjoin" statutes rather than the individuals charged with enforcing them, or by overlooking the district court's failure to enjoin the named defendants. The Court is constitutionally obligated to grant rehearing en banc and resolve this lingering question of appellate jurisdiction.

### III. Hecox And Doe Lack Article III Standing To Challenge The Private Cause Of Action In Section 33-6205(1)–(2), As None Of The Named Defendants Have Any Role In Enforcing It

There is yet another jurisdictional problem that the district court and the panel completely overlooked: The district court had no jurisdiction to consider the plaintiffs' challenge to section 33-6205(1)–(2), which creates private causes of action for students to sue schools and universities that violate HB 500.

The district court lacked jurisdiction to enjoin the enforcement of these provisions for two reasons. First, none of the named defendants have any role in enforcing statutory provisions that empower private litigants to sue in state

court, so the plaintiffs' challenges to section 33-6205(1)–(2) cannot fit within the *Ex parte Young* exception to sovereign immunity. *See Whole Woman's Health II*, 142 S. Ct. at 534. Second, the plaintiffs cannot establish Article III standing to challenge these provisions because no injury caused by these private civil lawsuits can be "fairly traceable" to allegedly unlawful conduct of the named defendants. *See California v. Texas*, 141 S. Ct. 2104, 2113 (2021) ("A plaintiff has standing only if he can 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'"). Any injuries caused by the private suits authorized by section 33-6205(1)–(2) are traceable to the students who sue and the legislature that enacted the provisions—none of whom are parties to this case. *See Hope Clinic v. Ryan*, 249 F.3d 603, 605 (7th Cir. 2001) (en banc) ("[P]laintiffs lack standing to contest . . . statutes authorizing private rights of action"); *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001) (en banc) ("The defendants have no authority to prevent a private plaintiff from invoking the statute in a civil suit.").

HB 500 contains a severability clause,[4] and the district court was obligated to sever section 33-6205(1)–(2) and dismiss the plaintiffs' challenge to those provisions for lack of subject-matter jurisdiction. *See Virginia v. Hicks*, 539 U.S. 113, 121 (2003) ("Severab[ility] is of course a matter of state law."). Instead, the district court (and the panel) ignored the severability provision

---

4. *See* Idaho Code § 33-6206 ("The provisions of this chapter are hereby declared to be severable").

8

and the multiple jurisdictional obstacles to enjoining enforcement of the private rights of action. The Court is constitutionally obligated to grant rehearing en banc and vacate any portion of the district court's order or opinion that purports to enjoin the enforcement of section 33-6205(1)–(2).[5]

### IV. THE PRIVATE RIGHTS OF ACTION IN SECTION 33-6205(1)–(2) REMAIN IN EFFECT NO MATTER HOW THE DISTRICT COURT'S INJUNCTION IS CONSTRUED

If the Court declines to go en banc, the dissenters should note that private litigants are free to enforce HB 500 through the civil-enforcement lawsuits authorized by section 33-6205(1)–(2)—no matter how anyone chooses to interpret the district court's order or the panel's opinion.

An order or injunction from a federal district court cannot prevent non-parties from initiating private civil lawsuits in state court. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 & n.21 (1997). And neither the district court's opinion nor the opinion of this Court has any precedential effect in state-court proceedings. *See id.* at 58 n.11; *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). Any private litigant authorized to sue by section 33-6205(1)–(2) may do so, and the state courts are free to ignore the panel opinion of this Court if they interpret the Fourteenth Amendment differently. The district court and the panel members think they have the power to "pre-

---

5. For the same reasons, the district court lacked jurisdiction to enjoin enforcement of sections 33-6201 (the title), section 33-6202 (statement of findings and purpose), and section 36-6206 (the severability clause), as the named defendants have no role in enforcing those provisions either.

9

serve the status quo"[6] by formally suspending HB 500 in its entirety. They need to be disabused of that notion. A federal-court injunction cannot stop HB 500 from taking effect, and it cannot stop private litigants from suing to enforce HB 500 in state courts.

## CONCLUSION

The petition for rehearing en banc should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| Gene P. Hamilton | Jonathan F. Mitchell |
| Vice-President and General Counsel | Mitchell Law PLLC |
| America First Legal Foundation | 111 Congress Avenue, Suite 400 |
| 611 Pennsylvania Avenue SE #231 | Austin, Texas 78701 |
| Washington, DC 20003 | (512) 686-3940 (phone) |
| (202) 964-3721 | (512) 686-3940 (fax) |
| gene.hamilton@aflegal.org | jonathan@mitchell.law |
| | |
| Dated: September 7, 2023 | *Counsel for Amicus Curiae* |

---

6. *See* Order, ECF No. 63, at 85 ("[A] preliminary injunction would not harm Defendants because it would merely maintain the status quo while Plaintiffs pursue their claims."); *id.* at 55 ("The status quo, therefore, is the policy in Idaho prior to H.B.500's enactment."); Panel Op. at 55 ("A preliminary injunction does not appear to inflict any comparable harm to the Appellants, as the injunction expressly maintained the status quo."); *id.* at 56 ("The district court explicitly held that the injunction would restore the pre-Act status quo"); *id.* at 57 n.21 ("[T]he district court explicitly preserved the "status quo" in Idaho when fashioning the injunction").

# CERTIFICATE OF COMPLIANCE

with type-volume limitation, typeface requirements,
and type-style requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,573 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it uses Equity Text B 14-point type face throughout, and Equity Text B is a proportionally spaced typeface that includes serifs.

Dated: September 7, 2023

 /s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I certify that on September 7, 2023, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Ninth Circuit and served through CM/ECF upon all counsel of record in this case.

      /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Amicus Curiae*