

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

November 6, 2023

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:** *Lindsay Hecox and Jane Doe with her next friends Jean Doe and John Doe v. Bradley Little, et al., and Madison Kenyon and Mary Marshall*, Nos. 20-35813, 20-35815, Response to Intervenors-Appellants' 28(j) Letter (Dkt. 236, Oct. 27, 2023)

Dear Ms. Dwyer:

*L.W. v. Skrmetti*, 83 F.4th 460 (6th Cir. 2023), in which a petition for writ of certiorari is pending, does not support rehearing en banc.

First, the *Hecox* panel's single citation to *Bostock* was not essential to its conclusion that "discrimination on the basis of transgender status is a form of sex-based discrimination." *Hecox v. Little*, 79 F.4th 1009, 1026 (9th Cir. 2023). That holding followed from Supreme Court and other decisions pre-*Bostock*. *Id.* at 1026-27. The Supreme Court also has made clear that "all" sex classifications trigger heightened scrutiny, *United States v. Virginia*, 518 U.S. 515, 555 (1996), including those based on "biological difference," *Nguyen v. INS*, 533 U.S. 53, 64 (2001). And—quite significantly—Intervenors-Appellants have previously *conceded* that H.B. 500 is a sex-based classification warranting heightened scrutiny. *See* Dkt. 33 at 18.

Second, *L.W.* did not hold that *all* state laws discriminating against transgender individuals (let alone H.B. 500) are not animus-based. *L.W.*'s analysis about a different law, on a different subject, in a different state, does not govern this Court's analysis.

Third, although *L.W.*'s holding that transgender individuals are not a quasi-suspect class conflicts with this Court's precedent (and that of the Fourth Circuit), the panel here applied heightened scrutiny for two additional reasons—that H.B. 500 classifies based on sex on its face and that transgender status classifications are inherently sex classifications. 79 F.4th at 1021-22. Thus, whether transgender status is a quasi-suspect classification was not outcome-determinative. In any event, *L.W.*'s quasi-suspect class analysis was wrong, including because it did not address two critical considerations—history of discrimination and ability to contribute to society. 83 F.4th at 487; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-46 (1985).

Fourth, deference to voters is inappropriate under heightened scrutiny, which imposes a "demanding" burden that rests entirely on the state. *Virginia*, 518 U.S. at 531, 533.

Fifth, the injunction here is appropriate because H.B. 500 does not substantially advance any of the asserted governmental interests. That "total lack of means-end fit" is present in all the law's applications. 79 4th at 1033; *see also* 1-ER-86-87.



Molly C. Dwyer
November 6, 2023
Page Two

Sincerely,

*/s/ Kathleen R. Hartnett*

Kathleen R. Hartnett

Cooley LLP   3 Embarcadero Center   20th Floor   San Francisco, CA   94111-4004
t: +1 415 693 2000  f: +1 415 693 2222  cooley.com