# Cooley

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com


April 29, 2024

**VIA ECF**

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** *Hecox v. Little*, Nos. 20-35813, 20-35815

Dear Ms. Dwyer:

I write on behalf of Plaintiff-Appellee Lindsay Hecox in response to Intervenors' April 22, 2024 letter regarding the Supreme Court's stay pending appeal in *Labrador v. Poe*, No. 23A763 (U.S. Apr. 15, 2024) ("*Poe*"). Since Intervenors' letter, the Court has withdrawn the panel opinions and will issue an amended opinion in light of *Poe*. Dkt. 245. In any event, *Poe* provides no basis for rehearing en banc.

As an initial matter, *Poe* did not address the merits of the Equal Protection Clause questions that Intervenors have identified as the primary grounds for granting their petition, *see* Dkt. 219 at 1-15. Indeed, Idaho's Supreme Court stay motion in *Poe* did "not contest that its law should remain enjoined as likely unconstitutional, at least as applied to the plaintiffs." Dkt. 244 at 32 (*Poe*, Dissenting Op. 2). Instead, *Poe* solely concerned the scope of a preliminary injunction.

As to the scope of the preliminary injunction—which Intervenors challenged only glancingly in their petition, *see* Intervenors' En Banc Pet. 15-17—*Poe* likewise provides no reason to grant rehearing en banc. *First*, Intervenors have waived any challenge to the injunction's application to all provisions of the Act. They do not dispute the panel's conclusion that "[i]t does not appear from the record either party argued that the injunction should apply to only certain provisions of the Act." Dkt. 219-1 (Panel Op. 56 n.20).

*Second*, *Poe* did not purport to disturb the core principle that an as-applied claim, like that here, may "be 'facial' in that it is not limited to plaintiffs' particular case, but challenges application of the law more broadly." Dkt. 219-1 (Panel Op. 58 n.22

# Cooley

Molly Dwyer
April 29, 2024
Page Two

(quoting *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010))). *Poe* did not abrogate (or even address) *Doe*. And, to the extent *Poe* raises any questions about the scope of the injunction, the panel could amend its opinion to remand to the district court to address the appropriate relief. *See* 9th Cir. General Order 5.3.

The petitions for rehearing en banc should be denied.

Respectfully submitted,


*/s/ Kathleen R. Hartnett*
Kathleen R. Hartnett
3 Embarcadero Center
20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222
E-mail:      khartnett@cooley.com

*Counsel for Plaintiff-Appellee*