# Cooley

Kathleen R. Hartnett
T: +1 415 693 2071
khartnett@cooley.com

April 29, 2024

**VIA ECF**

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

**Re:** *Hecox v. Little*, Nos. 20-35813, 20-35815
Notice of Supplemental Authority (*B.P.J.*, *Kadel*)

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write on behalf of Plaintiff-Appellee Lindsay Hecox to advise the Court of two recent decisions, *B.P.J. by Jackson v. West Virginia State Board of Education*, No. 23-1078, 2024 WL 1627008 (4th Cir. Apr. 16, 2024) (Exhibit A), and *Kadel v. Folwell*, No. 22-1721 (4th Cir. Apr. 29, 2024) (en banc) (Exhibit B). These decisions confirm that rehearing en banc should be denied.

In *B.P.J.*, the Fourth Circuit held that a West Virginia statute prohibiting participation on girls' and women's school sports teams by individuals "whose biological sex determined at birth is male" was subject to heightened scrutiny under the Equal Protection Clause, as applied to a 13-year-old transgender girl. *B.P.J.*, 2024 WL 1627008, at *6. The Court held that "[t]he undisputed purpose—and the only effect—of [the statute's] definition is to exclude transgender girls from the definition of 'female' and thus to exclude them from participation on girls sports teams." *Id.* The Fourth Circuit also readily rejected the same argument Appellants advance here: that the statute "does not discriminate based on gender identity because it treats all 'biological males'—that is, cisgender boys and transgender girls—the same." *Id.* As the Fourth Circuit explained, "that is just another way of saying the Act treats transgender girls differently from cisgender girls, which is—literally—the definition of gender identity discrimination." *Id.*

In *Kadel*, the Fourth Circuit, sitting en banc, held that healthcare plans barring coverage of medically necessary treatments for diagnoses unique to transgender

# Cooley

Molly C. Dwyer
April 29, 2024
Page Two

patients "facially discriminate on the basis of sex and gender identity" and therefore trigger heightened equal protection scrutiny for both reasons. Slip. Op. 8-9. Rejecting similar theories as Appellants' here, *Kadel* recognized that "coverage exclusions that bar treatments for gender dysphoria bar treatments on the basis of transgender identity by proxy." *Id.* at 36. That is because, while the laws "may *apply* to everyone," the exclusion of treatments "relevant only to transgender individuals" constitutes discrimination. *Id.* at 33, 36; *see id.* at 39 n.23 (citing *Hecox*).

Appellants' petitions should be denied.

Respectfully submitted,


*/s/ Kathleen R. Hartnett*
Kathleen R. Hartnett
3 Embarcadero Center
20th Floor
San Francisco, CA 94111-4004
Telephone:  (415) 693-2000
Facsimile:  (415) 693-2222
E-mail:  khartnett@cooley.com

*Counsel for Plaintiff-Appellee*