

May 23, 2024

Ms. Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:    *Hecox v. Little*, Case Nos. 20-35813, 20-35815
             Response to Supplemental Authority under Rule 28(j)

Dear Ms. Dwyer:

      I write in response to Hecox's letter citing two out-of-circuit authorities, *B.P.J. ex rel. Jackson v. W. Va. State Bd. of Educ.*, 98 F.4th 542 (4th Cir. 2024) and *Kadel v. Folwell*, 100 F.4th 122 (4th Cir. 2024) (en banc). Though this panel has since withdrawn its opinion, neither *B.P.J.* nor *Kadel* should have any bearing on a new opinion. Both were wrongly decided, conflict with Supreme Court precedent, and create a split among the circuits. This Court should not add to the confusion.

      In *B.P.J.*, the Fourth Circuit doubled down on errors it made in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020). Its circular logic contradicts what the Eleventh Circuit held in *Adams ex rel. Kasper v. School Board of St. Johns County*, 57 F.4th 791 (11th Cir. 2022) (en banc). And even accepting the court's conclusion, *B.P.J.* expressly distinguished the middle-school plaintiff there from athletes like Hecox who "have gone through puberty and experienced elevated levels of circulating testosterone." 98 F.4th at 565.

      Similarly, *Kadel* was wrongly decided. Not once did the court address *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), which unequivocally held that, absent discriminatory intent, "[t]he regulation of a medical procedure that only one sex can undergo does not trigger heightened constitutional scrutiny," *id.* at 236–37. The Fourth Circuit assumed that a law that "targets something closely or exclusively associated with a protected class … alone support[s] a presumption of discriminatory intent." *Kadel*, 100 F.4th at 176 (Richardson, J., dissenting). But that's wrong. Biology is "not a stereotype," and biological differences have been "repeatedly recognized" by the Supreme Court. *Adams*, 57 F.4th at 809. They are the reason "intermediate scrutiny applies in sex-discrimination cases in the first place." *Id.*

In its reissued opinion, this Court should avoid the Fourth Circuit's mistakes and prevent unnecessary conflict with the Supreme Court and other circuits.

    Sincerely,

    s/*Cody S. Barnett*
    Cody S. Barnett
    *Counsel for Intervenors-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 316 words and complies with Federal Rule of Appellate Procedure 28(j).

*s/ Cody S. Barnett*
Cody S. Barnett
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cbarnett@ADFlegal.org

*Counsel for Intervenors-Appellants*

## CERTIFICATE OF SERVICE

I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on May 23, 2024, using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

s/*Cody S. Barnett*
Cody S. Barnett
*Counsel for Intervenors-Appellants*