Via ECF

October 8, 2026

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re: *Lindsay Hecox v. Bradley Little, et al.*, Appeal Nos. 20-35813, 20-35815**

Dear Ms. Dwyer:

This case returns to this Court following the Supreme Court's remand in *West Virginia v. B.P.J.*, 146 S. Ct. 2356 (2026). I write on behalf of appellee Lindsey Hecox in response to the Court's order of September 17, 2026, asking the parties to address: (1) Is Lindsay Hecox's case moot? and (2) Are there any other aspects of Hecox's case that may be affected by the *B.P.J.* decision?

In appellee's view, the Supreme Court's decision means that this case is not moot. And because the Supreme Court's decision forecloses the only claim on which Hecox sought a preliminary injunction, this Court should vacate the district court's grant of a preliminary injunction and remand for further proceedings. On remand, Hecox intends to move to voluntarily dismiss her remaining claims.

**I. The Supreme Court's decision means that this case is not moot.**

The Supreme Court's decision in *B.P.J.* considered and rejected Hecox's argument that her case has become moot due to her decision to cease playing intercollegiate sports. 146 S. Ct. at 2373 n.3. The Court held that "Hecox's case is not moot" because "Hecox remains an enrolled student at Boise State," such that her decision to cease playing intercollegiate sports "may not be permanent." *Id.* Dissenting, three Justices would have found the case moot. *Id.* at 2400 n.13 (Sotomayor, J., concurring in the judgment in part and dissenting in part).

The Supreme Court's holding is binding here. Although Hecox is not currently enrolled at Boise State, she intends to re-enroll in Spring 2027. And while she maintains that she will not play intercollegiate sports for the remainder of her time in college, there have been no further factual developments that would distinguish the question before this Court from the question that the Supreme Court answered. Accordingly, the case is not moot.

**II. The Court should vacate the preliminary injunction.**

In *B.P.J.*, the Supreme Court squarely rejected Hecox's "constitutional challenge[]to the . . . Idaho law[] under the Equal Protection Clause of the Fourteenth Amendment." 146 S. Ct. at 2373; *see id.* at 2373-80. That holding necessitates

vacatur of the district court's preliminary injunction, which was "based solely on [plaintiffs'] equal protection claim." *Little v. Hecox*, 104 F.4th 1061, 1072 (9th Cir. 2024). The Court should accordingly vacate the preliminary injunction and remand for further proceedings consistent with its opinion.

## III. On remand, Hecox will move to voluntarily dismiss her suit.

To be sure, the Supreme Court's holding with respect to the equal-protection claim may leave open other claims that were not the basis for the district court's preliminary injunction. But on remand, Hecox will move to voluntarily dismiss her suit. *See* Fed. R. Civ. P. 41. Hecox already filed such a motion in district court, which the court rejected because proceedings were stayed pending a decision by the Supreme Court and the issuance of this Court's mandate. *See Hecox v. Little*, 2025 WL 2917023, *2 (D. Idaho Oct. 14, 2025). Once that stay is lifted, Hecox intends to seek voluntary dismissal again. Accordingly, there is no need for this Court to address any other question in this action.

## CONCLUSION

For the foregoing reasons, the Court should vacate the district court's order granting a preliminary injunction and remand for further proceedings.

Respectfully submitted,

/s/ Paul C. Southwick

CHASE STRANGIO
JAMES ESSEKS
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
125 BROAD ST.
NEW YORK, NY 10004
CSTRANGIO@ACLU.ORG
JESSEKS@ACLU.ORG

PAUL C. SOUTHWICK
EMILY M. CROSTON
AMERICAN CIVIL LIBERTIES
UNION OF IDAHO FOUNDATION
P.O. BOX 1897
BOISE, ID 83701
PSOUTHWICK@ACLUIDAHO.ORG
ECROSTON@ACLUIDAHO.ORG

SELIM ARYN STAR
AMERICAN CIVIL LIBERTIES
UNION OF IDAHO FOUNDATION
COOPERATING ATTORNEY FOR
ACLU OF IDAHO FOUNDATION
219 S. RIVER ST., SUITE 202
HAILEY, ID 83333
SERVICE.STARLAWOFFICE@GMAIL.COM

CATHERINE WEST
LEGAL VOICE
907 PINE STREET
SUITE 500
SEATTLE, WA 98101
CWEST@LEGALVOICE.ORG

KELLY O'NEILL
LEGAL VOICE
P.O. BOX 50201
BOISE, ID 83705
KONEILL@LEGALVOICE.ORG

WENDY S. HEIPT
LEGAL VOICE
907 PINE STREET, NO. 500
SEATTLE, WA 98101
WHEIPT@LEGALVOICE.ORG

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify as follows: this letter brief complies with the length limit permitted by Court in its September 17, 2026 Order. The brief's type size and typeface comply with Fed. R. App. 32(a)(5) and (6) because the brief has been prepared in 14-point Times New Roman.

Dated: October 8, 2026 *\/s/ Paul C. Southwick*