**STATE OF IDAHO**

OFFICE OF THE ATTORNEY GENERAL

**RAÚL R. LABRADOR**

October 8, 2026

**Via Electronic Filing**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Lindsay Hecox, et al. v. Bradley Little, et al.*, Nos. 20-35813, 20-35815
Supplemental Letter of Appellants in Response to the Court's Order.

Dear Ms. Dwyer,

This letter responds to the Court's September 17, 2026 order asking the parties to brief two questions: (1) Is Lindsay Hecox's case moot? (2) Are there any other aspects of Hecox's case that may be affected by the *B. P. J.* decision? Yes, the case is moot and should be dismissed. If not dismissed, the case's remaining aspects should be remanded.

1. Hecox is no longer enrolled at Boise State University. Decl. of BSU Registrar Amanda Nelson, attached as Exhibit A, at 1. That "change[] in [Hecox's] circumstances" appears to have "forestalled any occasion for meaningful relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 867 (9th Cir. 2017) (citation modified). Absent any "evidence to show the conduct complained of in this action presently affects [Hecox] or can reasonably be expected to affect [Hecox] in the future," Hecox's case "is moot" and should be dismissed. *Id.* at 868.

The change in Hecox's enrollment status distinguishes the case's current posture from its posture when the Supreme Court held that the case was *not* moot this past June. Hecox filed a suggestion of mootness with the Supreme Court in September 2025, while Hecox was "still enrolled" at BSU. *West Virginia v. B. P. J.*, 146 S. Ct. 2356, 2373 n.3 (2026); Decl. of BSU Registrar Amanda Nelson, attached as Exhibit A, at 1. And Hecox again enrolled at BSU in the Spring 2026 semester. Hecox had previously stated an intent to play women's club soccer through the remainder of Hecox's time at BSU. *Id.* And because Hecox expressed a different intent only after the Supreme Court granted certiorari, the Supreme Court viewed that change of position "with a critical eye." *Id.* (quoting *Knox v. Serv. Emps.*, 567 U.S. 298, 307 (2012)).

If Hecox's time at BSU has come to an end, Hecox's case is now moot, and the Court should remand to the district court with instructions to dismiss the entire case as moot.

On the other hand, if Hecox files a response indicating concrete plans and steps taken to reenroll at BSU and become eligible to play intramural sports covered by Idaho's Fairness in Women's Sports Act, this Court should remand to the district court for additional fact-finding on whether those concrete plans and steps prevent Hecox's case from becoming moot. While a student's "declaration of intent as to [his or her] own future conduct *may* be sufficient" to escape mootness, "such a declaration is insufficient" to do so "absent any indicia of concreteness." *Bayer*, 861 F.3d at 865; *Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 143 (2d Cir. 1994) (a student's "bare

statement of intention [to reenroll] is insufficient to escape mootness"). This Court has remanded this case for further fact-finding on mootness once before. Order, Dkt. 143 (June 24, 2021). The Court should do the same now—without retaining jurisdiction over this now-resolved appeal—if it concludes that more fact-finding is needed.

2. If the Court concludes that Hecox's entire case is moot, it makes no difference whether other aspects of Hecox's case are affected by the Supreme Court's decision. The entire case is moot. And the district court should dismiss it as moot.

If Hecox's entire case is not moot, this Court should remand for the district court to assess the impact of the Supreme Court's decision in *B. P. J.* on Hecox's claims that were not the basis of Hecox's preliminary injunction motion. Those claims are not before this Court in this appeal, so this Court lacks jurisdiction over them. *See Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) ("Because the injunction relates only to the Fourth Amendment, however, we will not exercise our pendent jurisdiction to review the Defendants' additional argument that the Plaintiffs lacked standing to bring their Fourteenth Amendment and Title VI claims."); *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 778 (9th Cir. 1998) (declining to exercise pendent jurisdiction over an interlocutory order that was *not* the basis for the appealed injunction even though "the same facts [were] involved in both").

To be sure, the Supreme Court's decision *does* impact other aspects of Hecox's case. It forecloses Hecox's claim that the Act violates Title IX. That statute "allows schools to provide separate women's and men's sports teams defined by biological sex."

*B. P. J.*, 146 S. Ct. at 2373. And because maintaining sex-separated teams requires schools to be able to determine students' biological sex, the Court's ruling that sex-separated teams are consistent with the Equal Protection Clause likely forecloses Hecox's informational privacy, Fourth Amendment, and fair notice claims, too. But those issues are not ripe for this Court to decide in the first instance.

* * *

For these reasons, consistent with the Supreme Court's opinion, the Court should vacate the judgment below and then—based on Hecox's change in enrollment status—remand with instructions to dismiss the entire case as moot.

If the Court concludes that the case may not be moot, it should vacate the judgment below, then remand for additional fact-finding on mootness and for the district court to rule on other impacted aspects of Hecox's case in the first instance.

Respectfully submitted,

Michael A. Zarian
Solicitor General
(208) 947-8779
*Counsel for Appellants*

cc: John J. Bursch
Christopher P. Schandevel
Alliance Defending Freedom
*Co-Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that this letter brief complies with the 15-page limit set by the Court's order dated September 17, 2026, requesting the filing of a letter brief in this case. *See* 9th Cir. R. 28-1(a).

This brief also complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond.

/s/ *Michael A. Zarian*
Michael A. Zarian

## CERTIFICATE OF SERVICE

I certify that on October 8, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

/s/ *Michael A. Zarian*
Michael A. Zarian