**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDSAY HECOX<br><br>*Plaintiff-Appellee*,<br><br>v.<br><br>BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; INDIVIDUAL MEMBERS OF THE STATE BOARD OF EDUCATION, in their official capacities; BOISE STATE UNIVERSITY; INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, # 1; INDIVIDUAL MEMBERS OF THE BOARD OF TRUSTEES OF THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, # 1; in their official capacities; INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, in their official capacities; DEBBIE CRITCHFIELD, Superintendent of Public Instruction in Idaho; DAVID W. HAHN, President of Boise State University; WENDY JOHNSON, Superintendent of Boise | No.20-35813<br><br>D.C. No. 1:20-cv-00184-DCN<br>District of Idaho, Boise<br><br>ORDER |

City School District,

*Defendants - Appellants*,

and

MADISON KENYON; MARY MARSHALL,

*Intervenors*.

LINDSAY HECOX,

*Plaintiff-Appellee*,

v.

BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; INDIVIDUAL MEMBERS OF THE STATE BOARD OF EDUCATION, in their official capacities; BOISE STATE UNIVERSITY; INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, # 1; INDIVIDUAL MEMBERS OF THE BOARD OF TRUSTEES OF THE INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, # 1; in thier official capacities; INDIVIDUAL MEMBERS OF THE IDAHO CODE

No.20-35815

D.C. No. 1:20-cv-00184-DCN

COMMISSION, in their official capacities; DEBBIE CRITCHFIELD, Superintendent of Public Instruction in Idaho; DAVID W. HAHN, the current President of Boise State University; WENDY JOHNSON, Superintendent of Boise City School District,

*Defendants*,

and

MADISON KENYON; MARY MARSHALL,

*Intervenors - Appellants*.

On Remand from the United States Supreme Court

Filed November 5, 2026

Before: Kim McLane Wardlaw, Ronald M. Gould, and Morgan Christen, Circuit Judges.

## SUMMARY*


### Mootness

On remand from the United States Supreme Court, the panel vacated the district court's preliminary injunction against the State of Idaho's enforcement of the Fairness in Women's Sports Act ("Act"), Idaho Code §§ 33-6201–06 (2020), and remanded to the district court to dismiss as moot Lindsay Hecox's action challenging the constitutionality of the Act.

The panel previously affirmed the district court's order preliminarily enjoining Idaho's enforcement of the Act. In *West Virginia v. B. P. J.*, 146 S. Ct. 2356 (2026), the Supreme Court rejected Hecox's constitutional challenges under the Equal Protection Clause, reversed the panel's decision, and remanded for further proceedings. The panel then ordered supplemental briefing from the parties addressing whether Hecox's case is moot and whether there any other aspects of Hecox's case that may be affected by the *B. P. J.* decision.

The panel held that the action is moot. Hecox is not currently enrolled at Boise State. Although Hecox stated in her supplemental brief that she intends to re-enroll in Spring 2027, the statement is insufficient to meet her burden. While a party's intent to resume an activity may be sufficient to demonstrate a live controversy, when a party relies on a declaration of future intent to avoid mootness, such declaration must be *sufficiently concrete*. Here, Hecox does


* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

not offer any concrete plan to re-enroll at the university in Spring 2027 and offers only a conclusory statement of intent without identifying tangible or actual steps taken to effectuate re-enrollment. Without more, Hecox's non-enrollment means this case is no longer a present controversy as to which effective relief can be granted.

---

## COUNSEL

W. Scott Zanzig (argued), Dayton P. Reed, Timothy Longfield, and Brian V. Church, Deputy Attorneys General; Lincoln D. Wilson, Steven L. Olsen, and James E.M. Craig, Chiefs of Civil Litigation Division; Brian Kane, Assistant Chief Deputy; Michael A. Zarian, Solicitors General; Raúl R. Labrador and Lawrence G. Wasden, Idaho Attorneys General; Office of the Idaho Attorney General, Boise, Idaho, for Defendants-Appellants.

Kristen K. Waggoner, John J. Bursch, and Christiana M. Holcomb, Alliance Defending Freedom, Washington, D.C.; Bruce D. Skaug and Raul R. Labrador, Skaug Law PC, Nampa, Idaho; Roger G. Brooks, Alliance Defending Freedom, Scottsdale, Arizona; Christopher P. Schandevel, Alliance Defending Freedom, Ashburn, Virginia; Cody S. Barnett, Alliance Defending Freedom, Lansdowne, Virginia; for Intervenors-Appellants.

Andrew Barr (argued), Cooley LLP, Broomfield, Colorado; Chase Strangio and James D. Esseks, American Civil Liberties Union Foundation, New York, New York; Richard Eppink, Paul C. Southwick, Emily M. Croston, and Dina M. Flores-Brewer, American Civil Liberties Union of Idaho Foundation, Boise, Idaho; Elizabeth Prelogar, Cooley LLP,

Case: 20-35813, 11/05/2026, ID: 12958784, DktEntry: 274, Page 6 of 12



Washington, D.C.; Catherine West and Wendy S. Heipt, Legal Voice, Seattle, Washington; Kelly O'Neill, Legal Voice, Boise, Idaho; Kathleen R. Hartnett, Cooley LLP, San Francisco, California; Selim Aryn Star, Star Law Office PLLC, Hailey, Idaho; for Plaintiffs-Appellees.

Lauren R. Adams, Women's Liberation Front, Washington, D.C., for Amicus Curiae Women's Liberation Front.

James A. Campbell, Solicitor General; David T. Bydalek, Chief Deputy Attorney General; Douglas J. Peterson, Attorney General of Nebraska; Nebraska Attorney General's Office, Lincoln, Nebraska; for Amici Curiae States of Nebraska, Alabama, Alaska, Arkansas, Indiana, Kansas, Kentucky, Louisiana, Mississippi, Montana, Oklahoma, South Carolina, Texas, and West Virginia.

Kara Dansky, Women's Human Rights Campaign – USA, Medford, Oregon, for Amicus Curiae Women's Human Rights Campaign – USA.

Randall L. Wenger, Independence Law Center, Harrisburg, Pennsylvania; Gary S. McCaleb, Flagstaff, Arizona; for Amici Curiae Medical Professionals.

Thomas E. Chandler, Matthew J. Donnelly, and Elizabeth Hecker, Attorneys; Alexander V. Maugeri, Deputy Assistant Attorney General; Eric S. Dreiband, Assistant Attorney General; United States Department of Justice, Civil Rights Division, Appellate Section, Washington, D.C.; Candice Jackson and Farnaz F. Thompson, Deputy General Counsels; Reed R. Rubinstein, Principal Deputy General Counsel; United States Department of Education, Office of the General Counsel, Washington, D.C.; Peter L. Wucetich, Assistant United States Attorney; Bart M. Davis, United

States Attorney; Boise, Idaho; for Amicus Curiae United States.

Edward M. Wenger, Tallahassee, Florida, for Amicus Curiae Sandra Bucha, Linda Blade, Vicki Huber-Rudawsky, Inga Thompson, Maria Blower, and Rebecca Dussault.

Chris N. Ryder and Gail Hammer, Lincoln LGBTQ+ Rights Clinic, Spokane, Washington, for Amicus Curiae Lincoln LGBTQ+ Rights Clinic.

Jessica L. Ellsworth, Kaitlyn A. Golden, Danielle D. Stempel, Nel-Sylvia Guzman, and Ray Li, Hogan Lovells US LLP, Washington, D.C.; Fatima G. Graves, Emily Martin, Sunu Chandy, Neena Chaudhry, Shiwali Patel, and Cassandra Mensah, National Women's Law Center, Washington, D.C.; Jon Greenbaum, David Hinojosa, and Bryanna A. Jenkins, Lawyers' Committee for Civil Rights Under Law, Washington, D.C.; for Amici Curiae National Women's Law Center, Lawyers' Committee for Civil Rights Under Law and 60 Additional Organizations.

Carl S. Charles, Lambda Legal Defense and Education Fund Inc., Atlanta, Georgia; Paul D. Castillo, Lambda Legal Defense and Education Fund Inc., Dallas, Texas; Diana Flynn and Omar Gonzalez-Pagan, Lambda Legal Defense and Education Fund Inc., New York, New York; Sasha Buchert, Lambda Legal Defense and Education Fund Inc., Washington, D.C.; for Amici Curiae 176 Athletes in Women's Sports, The Women's Sports Foundation, and Athlete Ally.

Jonah M. Knobler, Patterson Belknap Webb & Tyler LLP, New York, New York, for Amicus Curiae interACT: Advocates for Intersex Youth.

Case: 20-35813, 11/05/2026, ID: 12958784, DktEntry: 274, Page 8 of 12



Jesse R. Loffler, Cozen O' Connor, for Amici Curiae Transgender Women Athletes.

Aaron M. Panner, Kellogg Hansen Todd Figel & Frederick PLLC, Washington, D.C.; Scott B. Wilkens, Wiley Rein LLP, Washington, D.C.; for Amici Curiae American Academy of Pediatrics, American Medical Association, American Psychiatric Association, and 10 Additional Healthcare Organizations.

Adam R. Tarosky, Seth D. Levy, and Sarah E. Andre, Nixon Peabody LLP, Los Angeles, California, for Amicus Curiae Three Former Idaho Attorneys General.

Matthew D. Benedetto, Thomas F. Costello, William Cutler Pickering, Hale and Dorr LLP, Los Angeles, California; Adam M. Cambier and Alison Burton, Wilmer Cutler Pickering, Hale and Dorr LLP, Boston, Massachusetts; for Amici Curiae Teammates, Coaches, and Allies of Transgender Athletes.

Angela R. Vicari, Rosalyn Richter, Arnold & Porter Kaye Scholer LLP, New York, New York; Kirk Jenkins, Arnold & Porter Kaye Scholer LLP, San Francisco, California; for Amici Curiae Altria Group Inc., Amalgamated Bank, Asana Inc., Ben and Jerry's Homemade Inc., Lush Cosmetics LLC, Nike Inc., and The Burton Corporation.

Kaliko'onalani D. Fernandes, Deputy Solicitor General of Counsel; Kimberly T. Guidry, Solicitor General; Clare E. Connors, Attorney General of Hawaii; Honolulu, Hawaii; Linda Fang, Assistant Solicitor General of Counsel; Anisha S. Dasgupta, Deputy Solicitor General; Barbara D. Underwood, Solicitor General; Letitia James, Attorney General, State of New York; New York, New York; Xavier Becerra, California Attorney General, Sacramento,

Case: 20-35813, 11/05/2026, ID: 12958784, DktEntry: 274, Page 9 of 12



California; Philip J. Weiser, Colorado Attorney General, Denver, Colorado; William Tong, Connecticut Attorney General, Hartford, Connecticut; Kathleen Jennings, Delaware Attorney General, Wilmington, Delaware; Kwame Raoul, Illinois Attorney General, Chicago, Illinois; Aaron M. Frey, Maine Attorney General, August, Maine; Brian E. Frosh, Maryland Attorney General, Baltimore, Maryland; Maura Healey, Commonwealth of Massachusetts Attorney General, Boston, Massachusetts; Keith Ellison, Minnesota Attorney General, St. Paul, Minnesota; Aaron D. Ford, Nevada Attorney General, Carson City, Nevada; Gurbir S. Grewal, New Jersey Attorney General, Trenton, New Jersey; Hector Balderas, New Mexico Attorney General, Santa Fe, New Mexico; Joshua E. Stein, North Carolina Attorney General, Raleigh, North Carolina; Ellen F. Rosenblum, Oregon Attorney General, Salem, Oregon; Joshua Shapiro, Commonwealth of Pennsylvania Attorney General, Philadelphia, Pennsylvania; Peter F. Neronha, Rhode Island Attorney General, Providence, Rhode Island; Thomas J. Donovan, Jr., Vermont Attorney General, Montpelier, Vermont; Mark R. Herring, Commonwealth of Virginia Attorney General, Richmond, Virginia; Robert W. Ferguson, Washington Attorney General, Olympia, Washington; Karl A. Racine, District of Columbia Attorney General, Washington, D.C.; for Amici Curiae States of New York, Hawai‘i, California, Colorado, Connecticut, Delaware, Illinois, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Jersey, New Mexico, North Carolina, Oregon, Pennsylvania, Rhode Island, Vermont, Virginia, and Washington, and the District of Columbia.

Susan B. Manning, Morgan Lewis & Bockius LLP, Washington, D.C.; for Amici Curiae GLBTQ Legal

Advocates & Defenders and the National Center for Lesbian Rights.

Abbey J. Hudson, Gibson Dunn & Crutcher LLP, Los Angeles, California, for Amicus Curiae The Trevor Project Inc.

---

## ORDER

On June 30, 2026, in *West Virginia v. B. P. J.*, 146 S. Ct. 2356 (2026), the Supreme Court reversed our decision affirming the district court's preliminary injunction against the State of Idaho's enforcement of the Fairness in Women's Sports Act ("Act"), Idaho Code §§ 33-6201–06 (2020). Specifically, the Court rejected Hecox's constitutional challenges under the Equal Protection Clause. 146 S. Ct. at 2379; *see also Hecox v. Little*, 104 F.4th 1061, 1072 (9th Cir. 2024). The Supreme Court's holding thus clearly rejected the narrow basis upon which we affirmed the district court's preliminary injunction.[1]

The Court also remanded the case to our court for further proceedings. We then ordered supplemental briefing from the parties addressing whether Lindsay Hecox's case is moot and whether there any other aspects of Hecox's case that

---

[1] The Supreme Court's opinion, as applied to Idaho's Fairness in Women's Sports Act, rested on a rejection of Hecox's equal protection claims. Hecox brought an as applied challenge to the biological sex classification in the Act. *B. P. J.*, 146 S. Ct. at 2376. She also asserted that there was a lack of substantial relationship between the law's biological sex classification and the State's interests in safety and competitive fairness and claimed the Act was impermissibly discriminatory against transgender athletes. *Id.* The Supreme Court rejected these claims.

Case: 20-35813, 11/05/2026, ID: 12958784, DktEntry: 274, Page 11 of 12



may be affected by the *B. P. J.* decision. The parties complied.

We hold that this action is moot. We recognize that the Supreme Court noted that after it granted certiorari in Hecox's case, Hecox stated that she "will cease playing women's sports in any context covered by the Idaho law." 146 S. Ct. at 2373 n.3 (citation modified). The Court rejected her suggestion of mootness, as she had changed her mind before and "remains an enrolled student at Boise State." *Id.* Both sides agree that Hecox is not enrolled at Boise State. The Boise State Registrar has also submitted a declaration representing that Hecox is not currently enrolled.[2]

Hecox's statement in her supplemental brief that she "intends to re-enroll in Spring 2027" is insufficient to meet her burden. We have previously held that a party's intent to resume an activity may be sufficient to demonstrate a live controversy. *See Clark v. City of Lakewood*, 259 F.3d 996, 1006, 1011–12 (9th Cir. 2001). But when a party relies on a declaration of future intent to avoid mootness, such declaration must be *sufficiently concrete*. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017). In previously considering the question of whether Hecox's non-enrollment at Boise State University renders this case moot, we looked to her "concrete plan to re-enroll" and other steps she took to facilitate re-enrollment. *See Hecox v. Little*, No. 20-35813, 2023 WL 1097255, at *1 (9th Cir. Jan. 30, 2023).

Here, Hecox does not offer any concrete plan to re-enroll at the university in Spring 2027. Where we found that

[2] The motion to supplement the record is **GRANTED**. Dkt. 272.

Case: 20-35813, 11/05/2026, ID: 12958784, DktEntry: 274, Page 12 of 12



Hecox's disenrollment did not moot the case, "she expressed a concrete plan to re-enroll after establishing Idaho state residency and try out for the track and cross-country teams" and "had a conversation with a BSU academic advisor" to plan for her re-enrollment. *Id.* By contrast, here she offers only a conclusory statement of intent to enroll in Spring 2027 without identifying tangible or actual steps taken to effectuate re-enrollment. Without more, Hecox's non-enrollment means this case is no longer "a present controversy as to which effective relief can be granted." *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

Accordingly, we vacate the district court's preliminary injunction and remand to the district court to dismiss the case as moot.

**IT IS SO ORDERED**.